**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FREDY LOPEZ-CHIJAL,<br>Petitioner,<br>v.<br>CHRISTOPHER J. LAROSE, *et al.*,<br>Respondents. | Case No. 26-cv-04655-BAS-VET<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1)** |

Petitioner Fredy Lopez-Chijal filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, claiming he was improperly detained after he was released by the Office of Refugee Resettlement ("ORR") and allowed to live in the United States. (ECF No. 1.) The Government filed a Return, which—instead of addressing the issues raised in the Petition—stated it had no opposition to a bond hearing based on *Rodriguez Vazquez v. Bostock*, No. 25-6842, __F.4th __ (9th Cir. July 30, 2026). (ECF No. 5.) However, as Petitioner points out in the Traverse, the Petition does not raise issues addressed in *Rodriguez Vazquez*, and Petitioner is requesting immediate release, not a bond hearing.

(ECF No. 6.) For the reasons stated below, the Court **GRANTS** the Petition and orders that Petitioner be released on the same terms and conditions as he was previously released.

## I. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). "The traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). It applies to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Since Petitioner is in custody and since he is seeking release from custody, he has standing to pursue this Petition.

## II. STATEMENT OF FACTS

Petitioner, a citizen of Guatemala, was arrested at the border in 2019 as a 14-year-old unaccompanied minor. (Pet. ¶¶ 2–4, ECF No. 1.) ORR released Petitioner and allowed him to live with his uncle in the United States. (*Id.*) On August 5, 2026, Immigration and Customs Enforcement ("ICE") re-detained Petitioner without notice, explanation, or any changed circumstances that would justify revocation of the previous conditions of his release. (*Id.* ¶ 7.) Petitioner, thus, requests release on the same conditions.

## III. ANALYSIS

Petitioner's re-detention without notice or an opportunity to be heard violates Petitioner's due process rights. Individuals released from custody, even where such release is conditional, have a liberty interest in continued liberty. *See, e.g.*, *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972) (parolees); *Young v. Harper*, 520 U.S. 143, 150 (1997) (pre-parolees); *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973) (probationers). Thus, this Court agrees with those courts that have held:

//

//

//

> [O]nce a noncitizen has been released, the law prohibits federal agents from rearresting him merely because he is subject to removal proceedings. Rather, the federal agents must be able to present evidence of materially changed circumstances—namely, evidence that the noncitizen is in fact dangerous or has become a flight risk, or is now subject to a final order of removal. And if the noncitizen disputes the notion that changed circumstances justify his rearrest, he is entitled to a prompt hearing before an Immigration Judge.

*Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1176–77 (N.D. Cal. 2017); *see also Kamalpreet v. Singh*, No. 26-cv-1211-LL-JLB, 2026 WL 622687, at *1 (S.D. Cal. Mar. 5, 2026) ("Although the initial decision to detain or release an individual may be within the government's discretion, the government's decision to release an individual from custody creates an implicit promise, upon which that individual may rely, that their liberty will be revoked only if they fail to live up to the conditions of release." (citation modified) (quoting *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025))).

The Government argues that Petitioner is entitled to a bond hearing under *Rodriguez Vazquez*, and the Court should address this statutory issue before addressing the constitutional claim. (ECF No. 5.) However, *Rodriguez Vazquez* is inapplicable to an individual in Petitioner's circumstances. *Rodriguez Vazquez* dealt with individuals arrested in the interior of the United States after entering the United States illegally. Petitioner was arrested at the border and, as such, was subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Although subject to mandatory detention, Petitioner was paroled into the United States under § 1182(d)(5)(A). "Such parole, however, 'shall not be regarded as admission of the alien.'" *Jennings v. Rodriguez*, 583 U.S. 281, 288 (2018) (citing 8 U.S.C. § 1182(d)(5)(A)). Thus, the Government's reliance on *Rodriguez Vazquez* is misplaced.

Because ORR released Petitioner in 2019, he is entitled to remain released on the same conditions as he was released at that time. If ICE believes circumstances have changed, it must provide notice of these changed circumstances to Petitioner and provide Petitioner an opportunity to be heard promptly before an Immigration Judge. Hence, the Court **GRANTS** the Petition.

## IV. CONCLUSION

Accordingly, the Court issues the following writ:

The Court **ORDERS** that Fredy Lopez-Chijal (A# 201-924-402) be released on the same terms and conditions on which he was previously released by ORR in 2019.

The Clerk of Court shall close the case.

**IT IS SO ORDERED.**

**DATED: August 24, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**